[Civ. No. 2231.   First Appellate District.—October 23, 1917.]

## SONOMA VALLEY WATER, LIGHT & POWER COMPANY (a Corporation), Respondent, v. NELLIE O'BRIEN et al., Appellants.

WATER RIGHTS—QUANTITY OF WATER NECESSARY TO USE—CONFLICT OF EVIDENCE—NEW TRIAL.—In an action to enjoin the taking and using of all the water from a creek, an order granting a new trial is justified where the judgment gave the defendants all the water and the evidence was sufficiently conflicting to justify a conclusion that all the water was not necessary to the uses to which it was applied.

APPEAL from an order of the Superior Court of Sonoma County granting a new trial. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

T. J. Butts, and J. T. Campbell, for Appellants.

THE COURT.—This is an appeal on the part of the defendants from an order granting a motion for a new trial

after a verdict and judgment in their favor. The verdict of the jury was rendered upon special issues, and its findings thereon were adopted by the court as the basis of its judgment.

The action was instituted by the plaintiff, a corporation owning lands adjoining the lands of the defendants, to enjoin the latter from taking and using the whole of the water from a creek known as Lenox Creek, which rose upon and flowed through their lands, emptying into Carriger Creek and thence over and across the lands of the plaintiff. The evidence showed that the defendants had appropriated all of the water of Lenox Creek for their own uses, and in addition to using the same for irrigation, household, and domestic purposes, ran the residue of its waters after these uses had been satisfied into a pool or lake near their residence. The issues in the case arose over the amount of water which the defendants were entitled to divert into this pool or lake. The findings of the jury and the judgment of the court gave the defendants all of these waters, but upon motion for a new trial the court granted the motion solely upon the ground that the defendants took more water from said Lenox Creek than was necessary for the uses to which it was applied. The language of the court in its order granting the new trial was as follows: "The court has made a careful examination of the evidence, and it is not satisfied that there is not a useless waste of water. Indisputably the defendants are entitled to a sufficient quantity to answer every reasonable convenience or necessity, but it is not the law that water may be wasted while it may serve others. On this issue alone the court grants the motion for a new trial."

The contention of the appellants upon this appeal is that the evidence was insufficient to justify the court in granting the motion for a new trial upon this ground. We have examined the record with some degree of care, and are of the opinion that the evidence was sufficiently conflicting to have justified the court in granting the motion for a new trial if, as he stated, he was not satisfied that the proofs showed that all of the water was necessary for the purposes to which it was applied. That being so, we think that the order of the trial court should be affirmed, and that will be the order.